IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-03038-01-CR-SW-RED |
| | ) | |
| ADAM HAMMOND, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions.

**Supporting Suggestions**

1. On September 28, 2011, a federal grand jury sitting in the Western District of Missouri returned a three-count Superseding Indictment against defendant Adam Hammond (Hammond). Count One charged that Hammond used a facility and means of interstate commerce, that is the internet and the cellular telephone network, to attempt to knowingly persuade, induce, and entice an individual whom he believed to be less than eighteen years of age, to engage in sexual activity for which a person can be criminally charged under the laws of the State of Missouri. Missouri law prohibits any person from engaging in deviate sexual intercourse, including oral sexual intercourse, with another person who is less than fourteen years of age, in violation of U.S.C. § 2422(b). Count Three charged that Hammond, employed, used, persuaded, induced, enticed, and coerced a minor, Jane Doe, to engage in sexually explicit conduct for the purpose of producing a

-1-

visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a) and (e).

2. The Superseding Indictment also contained a Forfeiture Allegation that alleged, pursuant to 18 U.S.C. § 2253, that as a result of being convicted one or more of the offenses alleged in Counts One and Three of the Superseding Indictment, Hammond shall forfeit to the United States a Samsung cellular telephone, bearing serial number RP4S6888684T.

3. On November 3, 2011, Hammond entered a guilty plea to Counts One and Three of the Superseding Indictment, and admitted the allegations as charged in the Forfeiture Allegation, thereby agreeing to forfeit to the United States the property described above.

4. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 2253. Section 2253 states, in pertinent part:

> (a) Property subject to criminal forfeiture. – A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in –
>
> (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5. Rule 32.2(b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provides that:

> (1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon the evidence set forth in the Superseding Indictment and at Hammond's plea hearing on November 3, 2011, the United States has established the requisite nexus between the property and the offenses to which Hammond has pled guilty. Accordingly, pursuant to 18 U.S.C. § 2253 the property described in the Forfeiture Allegation of the Superseding Indictment is subject to forfeiture to the United States.

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States will publish for 30 consecutive days on the Internet site www.forfeiture.gov, notice of the Court's Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than defendant Adam Hammond, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Robyn L. McKee, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

8. In accordance with the provisions of 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(3), the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

Therefore, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described above and in the Forfeiture Allegation of the Superseding Indictment.

The United States further requests this Court enter its order authorizing the United States to seize and maintain custody of the above-listed property and dispose of it in accordance with the law.

The United States further requests that pursuant to Rule 32.2(b)(3), this Court's Order of Forfeiture shall become final as to defendant Adam Hammond at the time of sentencing, and shall be made part of the sentence and included in the judgment.

Respectfully submitted,

Beth Phillips
United States Attorney

By  */s/ Robyn L. McKee*
Robyn L. McKee
Assistant United States Attorney
Mo. Bar #42971
901 St. Louis St., Ste. 500
Springfield, MO 65806-2511
(417) 831-4406 telephone
(417) 831-0078 facsimile
robyn.l.mckee@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2011, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification.

*/s/ Robyn L. McKee*
Robyn L. McKee
Assistant United States Attorney