IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,   )
   )
               Plaintiff, )
   )
             vs.   )  No. 11-CR-3038-RED-1
   )
ADAM HAMMOND,   )  November 3, 2011
   )
             Defendant  )  Springfield, Missouri



CHANGE OF PLEA
BEFORE THE HONORABLE RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

APPEARANCES:
FOR THE PLAINTIFF:         MR. JAMES J. KELLEHER
                       U.S. ATTORNEY'S OFFICE
                       901 St. Louis Street, Ste. 500
                       Springfield, MO  65806


FOR THE DEFENDANT:        MR. IAN A. LEWIS
                       FEDERAL PUBLIC DEFENDER
                       901 St. Louis Street, Ste. 801
                       Springfield, MO  65806


COURT REPORTER:           MS. JEANNINE RANKIN,CSR,CCR,RPR
                       U.S. COURT REPORTER
                       222 N. Hammons Parkway
                       Springfield, MO  65806

Proceedings reported by stenography; transcript produced by
Computer.

USA v. ADAM HAMMOND

CASE NO. 11-CR-3038-RED-1

CHANGE OF PLEA

NOVEMBER 3, 2011

*  *  *  *  *  *

THE COURT:  We're here for a change of plea for Adam Hammond; is that right?

MR. LEWIS:  Yes, Your Honor, Counts 1 and 3.

THE COURT:  No plea agreement?

MR. LEWIS:  No plea agreement, Your Honor.

THE COURT:  What about the forfeiture?

MR. LEWIS:  We'll admit to the forfeiture, Your Honor.

THE COURT:  So, Mr. Hammond, Count 1 says that "Between October 31, 2010, and December 29, 2010, in Polk County and elsewhere, in the Western District of Missouri, the defendant, Adam Hammond, did use a facility and means of interstate commerce; that is, the Internet, and a cellular telephone network to attempt to knowingly persuade, induce, and entice an individual who he believed to be less than 18 years of age to engage in sexual activity for which a person can be criminally charged under the laws of the state of Missouri.  Missouri law prohibits any person from engaging in deviant sexual intercourse including oral sexual intercourse with another person who is less than 14 years of age."

1          Up above it said less than 18 and it says 14.  Is

2   that the way that's supposed to read?

3          MR. KELLEHER:  It is, Your Honor.  The difference is

4   between Missouri law and federal law.  The last part of that

5   paragraph describes the elements for the Missouri law which

6   would be violated if he -- which need to be violated under

7   federal law but it's --

8          THE COURT:  I'm not -- it looks like it's all about

9   Missouri.  It says -- up above it says 18 years of age.

10          MR. KELLEHER:  Right.

11          THE COURT:  It can be charged under the law of the

12   state of Missouri.

13          MR. KELLEHER:  Right.

14          THE COURT:  Below that it says Missouri law

15   prohibits any person from engaging in these acts with a person

16   who's less than 14.

17          MR. KELLEHER:  The way the law is is it's a

18   violation of federal law for a person to entice a person under

19   the age of 18 to violate a law under the laws of the state of

20   Missouri.

21          THE COURT:  Oh, okay.

22          MR. KELLEHER:  Under the laws of the state of

23   Missouri, it's unlawful to do what is specified in the

24   indictment.

25          THE COURT:  I gotcha.

1              Mr. Lewis, you need -- you probably understand.

2              MR. LEWIS:  No, I agree with that, Your Honor.

3              THE COURT:  All of which is in violation of Title

4    18, United States Code, Section 2422(b).

5              Count 3 says that "Between October 31, 2010, and

6    December 29, 2010, in Polk County and elsewhere, in the

7    Western District of Missouri, the defendant, Adam Hammond, did

8    employ, use, persuade, induce, entice, and coerce a minor,

9    Jane Doe, to engage in sexually explicit conduct for the

10   purpose of producing a visual depiction of such conduct which

11   visual depiction was produced using materials that had been

12   mailed, shipped, and transported in interstate and foreign

13   commerce, all in violation of Title 18, United States Code,

14   Sections 2251(a) and (e)."

15             Then there's a forfeiture allegation that deals with

16   visual depictions and property traceable to profits and

17   proceeds from the offense and property used to commit or

18   promote the offense.

19             Is that what you understand Counts 1 and 3 are that

20   you're going to plead guilty to?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  You understand that the items of

23   property listed in the forfeiture, that you're agreeing to

24   forfeit that to the government?

25             THE DEFENDANT:  Yes, Your Honor.

                                 4

1      THE COURT:  Place the defendant under oath.

2      (Defendant duly sworn by courtroom deputy.)

3      THE COURT:  How old are you?

4      THE DEFENDANT:  Twenty-one.  Or 22.  I'm sorry.

5      THE COURT:  Tell me the extent of your education.

6      THE DEFENDANT:  High school and vocational school.

7      THE COURT:  Okay.  Would it be fair to say, then,

8  that you're able to read, write and understand the English

9  language?

10      THE DEFENDANT:  Yes, sir.

11      THE COURT:  Are you now under the influence of any

12  alcohol, drugs or medication?

13      THE DEFENDANT:  No, sir.

14      THE COURT:  Do you consider yourself competent to

15  enter a plea of guilty in this case today?

16      MR. LEWIS:  Yes, sir.

17      THE COURT:  Do you now have or in the past have you

18  ever been diagnosed with any mental disease?

19      THE DEFENDANT:  No, sir.

20      THE COURT:  Counsel, do you have any doubt about the

21  defendant's competence to enter a plea of guilty in this case?

22      MR. LEWIS:  No, Your Honor.

23      THE COURT:  By pleading guilty today, Mr. Hammond,

24  you're going to waive some rights that you would otherwise

25  have.  These include the right to a jury trial, the right to

1  counsel at trial, the right to a presumption of innocence.

2  The prosecutor would have the burden of proving that you're

3  guilty beyond a reasonable doubt.  You would have the right to

4  call your own witnesses at trial, the right to confront and

5  cross-examine witnesses that appeared against you.  You could

6  present any defenses you had to the charges against you.  You

7  could use the subpoena power of the Court to secure witnesses

8  to be present at trial.  You would not be compelled to testify

9  against yourself.  The jury verdict would have to be

10 unanimous; that means all 12 of the jurors would have to agree

11 that you're guilty before you can be found guilty.  If you

12 were found guilty, you would have the right to appeal that

13 jury verdict of guilty.  But by pleading guilty today, you're

14 going to waive all of those rights.  Do you understand that?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Okay.  Now, looking at the indictment,

17 it indicates that by statute the sentence that you are to

18 receive for Count 1 by statute can be not less than ten years

19 of imprisonment, not more than life imprisonment, not more

20 than a $250,000 fine, not less than five years of supervised

21 release, not more than life of supervised release.  This is a

22 Class A felony.  There would be a $100 special assessment on

23 that count.  Count 3 carries with it by statute a penalty of

24 not less than 15 years of imprisonment, not more than 30 years

25 of imprisonment, not more than a $250,000 fine, not less than

five years of supervised release, not more than life of
supervised release.  That's a Class A felony.  There would be
another $100 special assessment on that count.  Do you
understand those statutory provisions?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Now, if he's serving supervised release
at the end of these sentences and he violates it, what would
be the option at that point?  Anybody got that figured out?

MR. KELLEHER:  In most circumstances he would face
a --

THE COURT:  Let me say this:  I'm not going to
repeat it, so listen to what the U.S. Attorney says here.
This is going to be the situation where if you're serving on
supervised release and you violate a condition of your
supervised release, the Court could revoke your supervised
release depending on the circumstances.  When the Court does
that, the Court at that time also then has certain sentencing
options available to you.  That's what the U.S. Attorney is
going to explain here, so listen to what he says.

THE DEFENDANT:  Okay.

MR. KELLEHER:  If you were to violate the conditions
of supervised release, the Court could revoke that term of
supervised release and impose a sentence of up to five years.

THE COURT:  Of imprisonment.

MR. KELLEHER:  Of imprisonment.  If the violation,

1  however, involved the commission of a sex offense as set forth

2  in the applicable statute, he would be looking at a sentence

3  of imprisonment of not less than five years' imprisonment and,

4  again, another term of supervised release up to life.

5  MR. LEWIS:  I would agree with that, Your Honor.

6  THE COURT:  Okay.  You wouldn't get any credit for

7  the time you had spent on supervised release before it was

8  revoked.  Do you understand all of that?

9  THE DEFENDANT:  Yes, Your Honor.

10  THE COURT:  Okay.  Do you understand that when we

11  get to sentencing I will be the person who makes the final

12  determination of your sentence?

13  THE DEFENDANT:  Yes, Your Honor.

14  THE COURT:  Has anyone made any promises to you

15  about what they say I will or won't do at that time?

16  THE DEFENDANT:  No, sir.

17  THE COURT:  Do you understand that once I accept

18  your plea of guilty today, I will not let you later withdraw

19  it just because you tell me you've changed your mind?

20  THE DEFENDANT:  Yes, sir.

21  THE COURT:  Has anyone tried to pressure you or

22  coerce you into making this plea of guilty?

23  THE DEFENDANT:  No, sir.

24  THE COURT:  Have you had sufficient time to consult

25  with your attorney about your decision to plead guilty?

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  Are you satisfied with the

3    representation you have received from your attorney?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  I'm going to have the United States

6    Attorney summarize the evidence that the government says it

7    would present if this case went to trial.  Listen to what he

8    says because then I'm going to ask you when he's done if you

9    agree the government would be able to present that evidence at

10   trial and, secondly, I'm going to ask if you did the things

11   that he's going to say that you did.

12   Go ahead.

13   MR. KELLEHER:  Had this case proceeded to trial, the

14   government would establish that between on or about

15   October 31, 2002, through December 29 of -- I'm sorry,

16   October 31 of 2010 through December 29 of 2010, the defendant,

17   in the Western District of Missouri, made contact with the

18   minor victim, Jane Doe, who was born in 1998 through the

19   Internet and the cellular telephone network.  During this time

20   period knowing the minor victim had not yet reached the age of

21   18 years, the defendant knowingly persuaded and enticed the

22   minor victim to engage in sexual activity for which a person

23   can be criminally charged under the laws of the state of

24   Missouri, specifically, the defendant enticed the minor victim

25   to engage in oral sexual intercourse by sending her a series

of text messages, again, through the cellular telephone
network.  Furthermore, during the same time period the
defendant did persuade and induce the same minor victim to
engage in sexually explicit conduct for the purpose of
producing a visual depiction of such conduct which said visual
depiction was then transported in interstate commerce,
specifically, the visual depictions that were created by the
victim or sent to the defendant through the cellular telephone
network.

        THE COURT:  Okay.  So, Mr. Hammond, do you agree
that the government could present that evidence if this case
went to trial?

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  Did you do the things he just said you
did?

        THE DEFENDANT:  Yes, I did.

        THE COURT:  Okay.  Counsel, have you had sufficient
discovery of the government's case to enable you to adequately
advise your client in regard to this decision to plead guilty?

        MR. LEWIS:  I have, Your Honor.

        THE COURT:  All right.  I'll ask counsel to state
for the record why it's in his best interest to plead guilty
today.

        MR. LEWIS:  Your Honor, after reviewing the
government's file and going over the various interviews that

```
 1   were conducted by officers, it is my belief that the

 2   government can make a submissible case as to Counts 1 and 3,

 3   and knowing that, I have advised my client that a loss at

 4   trial would almost guarantee a much harsher sentence than if

 5   this were resolved through plea.  After consultation, my

 6   client does admit that he has performed these acts and accepts

 7   responsibility for his actions, Your Honor.

 8            THE COURT:  Okay.  Well, Mr. Hammond, I'll now ask

 9   you, how do you plead to Count 1 of the indictment, guilty or

10   not guilty?

11            THE DEFENDANT:  Guilty.

12            THE COURT:  How do you plead to Count 3 of the

13   indictment, guilty or not guilty?

14            THE DEFENDANT:  Guilty.

15            THE COURT:  Do you also agree to the forfeiture

16   allegation contained in the indictment?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Okay.  Court accepts your pleas of

19   guilty to Counts 1 and 3.  The Court orders a presentence

20   investigation to be completed.  The Court finds that the

21   defendant understands the charges against him and the

22   consequences of his plea.  The defendant has been advised of

23   his rights, understands them, and voluntarily and

24   intentionally waives those rights.  The defendant has been

25   ably and competently assisted by his attorney.  The defendant
```

suffers from no mental disease or defect now or at the time the crime was committed. The defendant's decision to plead guilty has been made freely and voluntarily and without coercion. The Court finds there is a factual basis for the plea. The Court finds that beyond a reasonable doubt the defendant is guilty of the crimes charged.

You'll remain in custody. A presentence investigation will be conducted. A report will be provided to counsel to review. You will have the opportunity to make objections or corrections that you think are appropriate to that report. When that process is completed, then you'll appear here again for sentencing.

Anything else by the government?

MR. KELLEHER: No, Your Honor.

THE COURT: Or defense counsel?

MR. LEWIS: No, Your Honor. Thank you.

THE COURT: Okay. Thank you.

(Court stands in adjournment at 2:20 p.m.)

## CERTIFICATE

        I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.




*s:/Jeannine M. Rankin*

Date:                Jeannine M. Rankin, CCR, CSR, RPR