IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ADAM HAMMOND, )
 )
    Petitioner-Movant, )
 )
vs. ) Civil No. _____
 ) Crim. No. 11-03038-01-CR-S-RED
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

**MOTION TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE PURSUANT TO 28 U.S.C. Sec. 2255**

1. Name and location of court that entered the judgment of the conviction being challenged: **U.S. District Court, Western District of Missouri, Southern Division**

2. Date of the judgment of conviction: February 17, 2012

3. Length of sentence: **240 months imprisonment**

4. Nature of Offense: Attempted enticement of a minor to egage in sexual activity, 18 U.S.C. Sec. 2422(b); Enticement of a minor to produce sexually explicit conduct, 18 U.S.C. Sec. 2251(a) and (e).

5. What was the plea? **Open Guilty plea, no written agreement**

6-7. If there was a trial, what kind of trial was it? **N/A**

8-9. Did you appeal the judgment of conviction? **Yes, U.S. Court of Appeals for the Eighth Circuit, No. 12-1487, conviction and sentence affirmed.**

10-11. Other than the direct appeal listed above, have you previously filed any other motions, petitions or applications concerning this judgment of conviction in any court?

    **No**

12. GROUNDS FOR RELIEF

## ISSUES PRESENTED FOR REVIEW

I. THE CONVICTION AND SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION ON THE UNITED STATES

   A. Defense counsel was ineffective for failing to challenge the sufficiency of the indictment (COUNT ONE) of violating 18 U.S.C. Sec. 2422(b) as defined by Missouri Criminal Statutes

   B. Defense counsel was ineffective for failing to challenge the sufficiency of the indictment (COUNT THREE) as Petitioner is actuall (factually) innocent of violating 18 U.S.C. Sec. 2251(a) and (e)

   C. Defense counsel was ineffective for failing to address sentencing disparity between federal statutes

## PROCEDURAL HISTORY

On September 28, 2011, the grand jury returned a three count superseding indictment charging Movant with attempted coercion and enticement of a minor female to engage in illegal sexual activity which would be a violation of the law of the state of Missouri in violation of 18 U.S.C. Sec. 2422(b). Count two of the indictment alleged movant knowingly received a visual depiction of a minor engaging in sexually explicit conduct that had been transported in interstate commerce, in violation of 18 U.S.C. Sec. 2252(a)(2) and (b)(1). Count three alleged movant enticed or persuaded a minor female to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which was then transported in interstate commerce in violation of 18 U.S.C. Sec. 2251(a) and (e).

On November 3, 2011, Movant pled guilty to Count(s) I and III of the superseding indictment in the form of an "open" plea without the benefit of a written, binding agreement. As part of this plea, at sentencing, the government moved to dismiss Count II, which the Court accpeted and dismissed Count Two.

On February 17, 2012, the court sentenced movant to A 240 month term of imprisonment and fifteen (15) years of supervised release. This sentence was affirmed by the Eighth Circuit Court of Appeals.

## FACTUAL HISTORY

Movant was alleged to be communicating with a female minor for the purpose of enticing her to engage in illegal sexual activity, which would be a violation of the laws of the State of Missouri. Additionally, he was charged with enticing the minor female in question to produce sexually explicit images and then transmit these images to him on his cellphone. After a few months of internet "chat" conversations, movant made arrangements and traveled to meet the victim. In terms of what this encounter would lead to is mere speculation. A persons specific intent can never be proven.

Movant and the victim "met" online via the internet website MyYearbook.com. The victm's profile on this site listed her age as 18 years old - NOT the 14 years old as alleged in the PSR. (PSR at 14). This is of critical importance in that at no time did the movant solicit sexually explicit pictures once she revealed her "true" age to him as 14 years old. In reality, the victim was only 12 years old at the time. It wasn't until after the arrest that movant was given the victim's real age. Although the victim claimed that her MyYearbook.com profile listed her age as 14 years old, this is materially false. Once the victim revealed her age as 14 years old, movant never asked for sexually explicit pictures or videos from the victim.

While movant did admit to engaging in sexaully explicit chat conversations about various sexual topics with the victim, this was mostly sexaul banter not directed at engaging in specific sexual acts.

- 4 -

Given this preceeding reality, Movant is positioned to prove that he is actually (factually) innocent of violating Sec. 2251 to entice the minor victim in question to produce sexually explicit pictures of videos as he was misled to believe he was communicating with a female who was of legal age when he asked her to send him some pictures. Once she revealed her "true" age of 14 years old, he never further solicited such pictures from her. She simply did this on her own volition.

This motion follows and is timely filed.

I. INEFFECTIVE ASSISTANCE OF COUNSEL

    A. Defense counsel rendered ineffective assistance of counsel for failing to challenge the sufficiency of the indictment (COUNT I) charging Movant of violating 18 U.S.C. Sec. 2422(b) as defined by Missouri state criminal statutes.

1. For a federal statute to fix the sentence for a violation of a broad category of conduct criminalized by state law, such as "sexual activity for which any person can be charged with a criminal offense," is a questionable practice. Congress cannot know in advance what conduct the state will decide to make criminal. The liability crated by application of 18 U.S.C. Sec. 2422(b) is limited to the jurisdiction and venue restrictions of state and federal law. Federal law can properly incorporate by reference the criminal law of the state in which the offenses occurred.

In this motion, the Movant's challenge has its roots in the peculiarities of the statute of conviction, COUNT I. Section 2422(b) criminalized the the enticement of minors into "criminal offenses" of a sexual nature, but the statute is silent as to which sovereign's law defines those offenses. The decided cases

fill this gap; they indicate that such offenses may be defined by the laws of the several states. See <u>United States v. Patten</u>, 397 F.3d 1100, 1103-1104 (8th Cir. 2005); <u>United States v. Dwinells</u>, 508 F.3d 63,72 (1st Cir. 2007); <u>United States v. Taylor</u>, 640 F.3d 255 (7th Cir. 2011).

In this instance, the indictment alleged petitioner of having sought to entice his target to commit "sexual activities" rendered illegal by Missouri criminal statutes. However, the indictment is silent as to what specific Missouri criminal statute aplied, (as well as the multiple subsections that may be applicable) in order to properly charge petitioner for an offense attempting to violate 18 U.S.C. Sec. 2422(b). This is problematic for various reasons as the indictment on its face is insufficient to properly charge an offense as defined by Missouri criminal statutes and controlling case law. Had petitioner not pled guilty and gone to trial, a jury could not convict petitioner of this particular count unless they found beyond a reasonable doubt that petitioner attempted to entice the minor female victim in question to engage in a specific "sexual act" rendered illegal by a specific Missouri criminal statute. A review of the indictment is clear:

### COUNT ONE

> Between October 31, 2010, and December 29, 2010, in Polk County, and elsewhere, in the Western District of Missouri, the defendant ADAM HAMMOND did use a facility and means of interstate commerce, that is a cellular telephone network, to attempt to knowingly persuade, induce, and entice an individual whom he believed to be less than eighteen years of age, to engage in sexual activity for which a person can be criminally charged under the laws of the State of Missouri. Missouri law prohibits any person from engaging in deviate sexual intercourse, including oral

> sex, with another person who is less than
> fourteen years of age. All of which is in
> violation of Title 18, United States
> Code, Section 2422(b).

Clearly, the indictment fails to enumerate the many elements and/or subsections that would apply. But further, it doesn't even identify what the actual Missouri statute is! Additionally, while the indictment uses the term "sexual activity," this term is not defined in the federal criminal code (Title 18).

It would appear that the most probable intent of Congress when it used the phrase "charged with a criminal offense," Congress would have to mean an offense which would result in a conviction if tried in a state court. So this element, engaging in "sexual activity that would constitute a criminal offense" would apply to situations in which an individual could actually be prosecuted. See <u>United States v. Dhingra</u>, 371 F.3d 557, 565 (9th Cir. 2004). If Congress had not intended to adopt the <u>elements</u> of the state offense (in the indictment) by cross reference, it could have just made it an offense to persuade someone under 18, or whatever other age it chose, to perform the sexual activity. "When Congress chooses to define a (federal) crime by state law, the federal prosecutor cannot exceed the scope of the state law and seek to punish conduct that is not illegal under the statutes referenced in the indictment - even if the conduct is distrubing." <u>Taylor</u> infra, (Manion, Circuit Judge, concurring).

Clearly, defense counsel was ineffective for not challenging the sufficiency of the indictment based on the foregoing, obvious issues presented. As such, petitioner was subjected to prejudice,

thereby satisfying the stringent <u>Strickland</u> requirements.

  B. Defense counsel was ineffective for failing to challenge the sufficiency of the indictment (COUNT THREE) as Movant is actually (factually) innocent of violating 18 U.S.C. Sec. 2251.

  After movant was initially indicted, a superseding indictment was returned charging movant with persuading or enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which was then transported in interstate commerce, all in violation of 18 U.S.C. Sec. 2251(a) and (e). It is important to note as well as undisputed that the minor victim in this case produced a sexually explicit video of herself masturbating, which she sent to movant unsolicited. At no time did movant specifically instruct the victim to engage in this type of conduct and then send the video to him. The decision to produce this sexually explicit conduct and then send to the movant was solely the victim's. There is nothing memorialized in the factual record that movant enticed or persuaded the victim to produce this video. More importantly, a movant initially thought he was communicating with an 18 year old female based on her MyYearbook.com profile. In contrast, her facebook.com profile listed her age as 22 years old! Therefor, it is not unusual at all for movant to be engaging in the type of behavior expressed in the chat conversations. To be clear, at no time after movant learned the "true" age of the victim as 14 years old, he did not further entice or persuade her to produce any depictions of sexually explicit conduct. Based on this reality, movant is actually (factually) innocent of violating 18 U.S.C. Sec. 2251(a) and (e).

It is important to make the distinctive difference between engaging in chat conversations concerning sexual topics and actually instructing or persuading the victim to produce material of a sexually explicit nature. The PSR alleged that movant told the victim to produce two vidoes of herself masturbating and then send the vidoes to his cellphone. This is factually incorrect. at no time did he specifically instruct her to engage in any sexually explicit conduct and then send him a picture of it after he learned that she was under 18 years old. Apparently, the government morphed the various sexual conversations (unspecified) into enticement to produce sexually explicit pictures or videos. There is nowhere in the factual record that the government can prove that movant told the victim to masturbate and send him a video of it. While a violation of statutory rape may be a strict liability crime, a violation of Sec. 2251 is not. It requires the element of knowledge that movant actually knew the victim was under the age of 18 years old when he enticed or persuaded her to produce visual depictions of sexually explicit conduct.

Unfortunately, defense counsel never bothered to investigate the preceeding reality and allowed movant to plea guilty to an offense that he is actually (factually ) innocent of. This was ineffective assistance resulting in extreme prejudice against movant. Had movant been properly instructed by defense counsel concerning the law, he never would have accpeted a plea to this count of the indictment. Someone cannot plea guilty to a crime they did not commit.

C. Sentencing Disparity - Federal to Federal Statutes.

It is the responsibility of the sentencing court to ensure that no unwarranted sentencing disparities exist between similar situated defendants. But what is the court's responsibility in dealing with sentencing disparity among similar federal statutes? At issue here is the unwarranted sentencing disparity cerated by two federal statutes addressing almost identical conduct, but with very different sentencing structures.

In Count One of the indictment, a violation of 18 U.S.C. Sec. 2422(b), which is coercion or enticement of minors into "sexual activity" constituting a criminal offense under state law, which carries a 10 year mandatory minimum sentence with a statutory maximum sentence of life imprisonment. In contrast, a violation of 18 U.S.C. Sec. 2243, which is considered federal statutory rape committed in the special maritime and territorial jurisdiction of the United States, and carries no mandatory minimum with a statutory maximum of 15 years. It is completely nonsensical to believe the intent of Congress was to punish someone who uses a computer in an attempt to coerce or entice a minor into illegal "sexual activity," than someone who actually engages in the sexual act of statutory rape. While this specific issue of law has never been addressed by the Eighth Circuit, it has been raised in other circuits and prevailed. See United States v. Begin, 696 F.3d 405 (3rd Cir. 2012).

This serious and prejudicial sentencing disparity issue that exists between competing federal statutes should have been addressed by defense counsel on Sec. 3552(a)(6) grounds but was not. This is yet another example of ineffective assistance resulting in actual prejudice against movant.

13. Is there any ground in this motion that you have not previously raised or presented in some federal court?

   Yes, the issues presented herein have not been previously presented due to ineffective assistance of counsel.

14. Do you have any motion or petition or appeal now pending in any court for the conviction you are challenging?

   No

15. Represented by:   Mr. Ian A. Lewis
                     Asst. Federal Public Defender
                     901 St. Louis Street
                     Suite 801
                     Springfield, MO 65806

16. Were you sentenced on more than one count of an indictment in the same court at the same time?

   Yes, Count(s) ONE and THREE of the Indictment

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?

   No

18. Timeliness: This motion is timely filed.

## REQUEST FOR EVIDENTIARY HEARING

Pursuant to 28 U.S.C. Sec. 2255, Movant respectfully requests a "prompt" evidentiary hearing because his claims when proved true will entitle him to relief.

## PRAYER FOR RELIEF

By reason of the foregoing, inter alia, Movant respectfully requests that the Court vacate the conviction, allow Movant to withdraw his guilty plea, and proceed to trial.

## VERIFICATION

I, ADAM HAMMOND, knowing the penalty of perjury, hereby swears that the foregoing is true and correct to the best of my knowledge and belief.

SWORN TO this 17 day of January, 2014.

at Williamson County, Illinois.

Respectfully Submitted,

*Adam Hammond*
Adam Hammond
Reg. No. 23138-045
U.S. Penitentiary
P.O. BOX 1000
Marion, IL 62959

Appearing pro se

Adam Hammond - 23138-045
United States Penitentiary Marion
P.O. Box 1000
Marion, IL 62959-7500

RECEIVED
JAN 2 3 2014
ANN THOMPSON, CLK
WESTERN DISTRICT
OF MISSOURI

Legal Mail

Prs Pro Se

⇔ 23138-045 ⇔
United States
U.S. Courthouse - Clerk
222 N JOHN Q Hammons PKWY
Springfield, MO 65806
United States

ST LOUIS MO PDBC 631
TUE 21 JAN 2014 PM