# IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ADAM HAMMOND, | ) | |
|---|---|---|
| Petitioner/Movant, | ) | |
| vs. | ) | Case No. 6:14-cv-03049-MDH |
| | ) | Crim No. 6:11-cr-3038-01-MDH |
| USA, | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 (Doc. 1). The Court has considered the motion, the government's response (Doc. 11) and Petitioner's reply (Doc. 14). The Court has carefully considered the issues and arguments which were raised in the motion.

Petitioner contends he is entitled to relief under Section 2255, alleging his attorney was ineffective by failing: (1) to challenge the sufficiency of Count One of the superseding indictment; (2) to establish that he was innocent of the crime of sexual exploitation of the children; and (3) to adequately address the sentencing disparities between various federal statutes.

Petitioner was found guilty based on his guilty plea to Counts One and Three of the indictment without benefit of a plea agreement. After he was sentenced, he appealed his sentence to the United States Court of Appeals Eighth Circuit Court, *United States v. Hammond,* 698 F.3d 698 (8th Cir. 2012) wherein the Eighth Circuit rejected his claims on appeal.

During the course of the change-of-plea hearing in front of United States District Judge Richard Dorr on November 3, 2011, wherein Plaintiff plead guilty to Counts One and Three of the indictment, the following colloquy took place:

> **THE COURT:** I'm going to have the United States Attorney summarize the evidence that the government says it would present if this case went to trial. Listen to what he says because then I'm going to ask you when he's done if you agree the government would be able to present that evidence at trial and, secondly, I'm going to ask if you did the things that he's going to say that you did. Go ahead.
>
> **MR. KELLEHER:** Had this case proceeded to trial, the government would establish that between on or about October 31, 2002, through December 29 of – I'm sorry, 16 October 31 of 2010 – I'm sorry, 16 October 31 of 2010 through December 29 of 2010, the defendant, in the Western District of Missouri, made contact with the minor victim, Jane Doe, who was born in 1998 through the Internet and the cellular telephone network. During this time period knowing the minor victim had not yet reached the age of 18 years, the defendant knowingly persuaded and enticed the minor victim to engage in sexual activity for which a person can be criminally charged under the laws of the state of Missouri, specifically, the defendant enticed the minor victim to engage in oral sexual intercourse by sending her a series of text messages, again, through the cellular telephone network. Furthermore, during the same time period the defendant did persuade the induce the same minor victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct which said visual depiction was then transported in interstate commerce, specifically, the visual depictions that were created by the victim or sent to the defendant through the cellular telephone network.
>
> **THE COURT:** Okay. So, Mr. Hammond, do you agree that the government could present that evidence if this case went to trial?
>
> **THE DEFENDANT:** Yes, Your Honor.
>
> **THE COURT:** Did you do the things he just said you did?
>
> **THE DEFENDANT:** Yes, I did.

(Plea Tr. 9-10.)

At the conclusion of Petitioner Hammond's change-of-plea hearing, the Court found there was a factual basis for the plea, and that Hammond was guilty of the crimes beyond a reasonable doubt.

Given Defendant's guilty plea, the Court is unable to find any reasonable probability that any alleged error by defense counsel resulted in any prejudice to Petitioner. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The Court's ruling, however, does not have to rely simply on the absence of prejudice to the Defendant based on his guilty plea. The allegations of the alleged failures of legal counsel are without merit.

The indictment fairly informs the accused of the charges against him and allowed him to plea double jeopardy as a bar to future prosecution. *United States v. Mallen,* 843 F.2d 1096, 1102 (8th Cir. 1988). While the indictment does not specifically reference which statute of the State of Missouri regulating sexual activity Defendant allegedly violated, the phrase sexual activity as used in the indictment reasonably apprised Petitioner of the charges against him. Since Defendant admitted at his change-of-plea hearing that he enticed a minor to "engage in oral sexual intercourse," there is little doubt he knew of the specific sexual activity for which he was being charged.

Petitioner's claim that his attorney failed to provide appropriate representation by challenging his guilt on Count Three of the indictment also lacks legal merit. Petitioner's allegation that he did not know the minor victim's age does not render him innocent of the charge stated in Count Three of the indictment. *United States v. Wilson,* 565 F3d 1059 (8th Cir. 2009). At the change-of-plea hearing, Defendant specifically admitted that he persuaded and induced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct which was then transported in interstate commerce. (Plea Tr. 9-10)

Petitioner's claim his lawyer failed to allege "sentencing disparities" arises from his perception there is a disparity between sentencing provisions of two federal statutes addressing "almost identical" conduct. He argues that his attorney should have addressed the fact that 18 U.S.C. § 2422, enticement of a minor for the purpose of engaging in prohibited sexual activity, and 18 U.S.C. § 2243, sexual abuse of minor, involve similar conduct, but have different ranges of punishment. If Petitioner is correct, and a "sentencing disparity" exists in the range of punishment between the two statutes, that is a matter of legislative action not for the District Court to alter or change. In imposing sentence upon Plaintiff, the sentencing Judge pronounced sentence after expressly considering "the statutory factors, the seriousness of the offense, . . . the protection for the public . . . and that there be a deterrent." He found in his discretion that a twenty-year sentence was "appropriate" (Sentencing Tr. 29.) It is not this Court's place to second guess the discretion exercised by the sentencing Judge in imposing sentence. This is especially so since the sentence imposed upon Petitioner has already been subject to review on appeal by the Eighth Circuit Court of Appeals, *United States v. Hammond,* 698 F.3d 679 (8th Cir. 2012).

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 16, 2014

        /s/ Douglas Harpool
      **DOUGLAS HARPOOL**
    **UNITED STATES DISTRICT JUDGE**