## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ADAM HAMMOND,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  6:14-cv-03049-MDH** |
| | ) | **Crim. No. 6:11-cr-03038-MDH** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Before the Court is Petitioner's Motion for Production and Inspection of Grand Jury
Minutes (Doc. 25) and Motion for Order to Issue Subpoena (Doc. 26).  Petitioner was previously
convicted and sentenced to 240 months imprisonment for offenses related to the sexual
enticement of a minor.[1]  He filed this action pursuant to 28 U.S.C. § 2255, claiming ineffective
assistance of counsel, and the Court denied habeas relief.  Petitioner appealed the district court's
decision and the matter is currently pending before the Eighth Circuit.  Petitioner now moves this
court for inspection of grand jury minutes from his underlying criminal case because "[t]hese
documents are extremely important and relenant [sic] to the petitioner's filed 28 U.S.C.S.
Section 2255 Motion."  He further moves for a subpoena ordering the Polk County Sheriff's
Office to produce the results of an inventory search conducted on his car, stating that such
information "concern[s] my ongoing case which is now before the Court of Appeals" and "is
vital to my appellate process and I have never been given this information at any point in time."[2]

---

[1] The judgment was affirmed on appeal.
[2] Petitioner's motion states the inventory search "result[ed] from case number 2010001554, and the arrest of Adam
Hammond, owner of said vehicle, for 1602511 child kidnapping."  That case was brought in state court; however,
according to the PSIR, it is related to the instant federal offense.

Petitioner's motions (Docs. 25, 26) are hereby **DENIED** because the Court lacks subject matter jurisdiction to consider such motions. The Court entered final judgment denying Petitioner's habeas claims and Petitioner filed a notice of appeal, thereby divesting the Court of power to consider issues related to the appeal.[3] Petitioner explicitly states that his motions concern issues related to his appeal. Moreover, to the extent that Petitioner's motions involve matters unrelated to the pending appeal: (1) grand jury proceedings are entitled to secrecy and the presumption of non-disclosure can be overcome only by a showing of "particularized need" – here, Petitioner did not provide sufficient facts or argument to show a particularized need for disclosure of the grand jury minutes;[4] and (2) a court may properly deny a motion for post-conviction discovery where, as here, the movant fails to show how the material sought would prove his innocence.[5] Accordingly, Petitioner's motions are **DENIED**.

**IT IS SO ORDERED.**

Date:   March 24, 2015                        ___/s/ Douglas Harpool_____
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**

---

[3] As summarized by the District Court for the District of Minnesota:

> The filing of a notice of appeal is "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Liddell v. Bd. of Educ.*, 73 F.3d 819, 823 (8th Cir.1996) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)). For efficacious reasons a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter*, 362 F.3d at 475. A district court that is divested of jurisdiction may not reexamine or supplement the order appealed. *Missouri v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir.1999). When the question of appealability is in doubt, the court is to "stay its hand" until the appellate court resolves the issue. *Id.* at 1106–07.

*Twin Cities Galleries, LLC v. Media Arts Grp., Inc.*, 431 F. Supp. 2d 980, 982 (D. Minn. 2006).

[4] *See United States v. Grady*, 242 F.3d 377 (8th Cir. 2000); *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994); *United States v. Cotton*, No. 4:13-CR-166-JAR SPM, 2013 WL 6801632, at *5-6 (E.D. Mo. Dec. 23, 2013).

[5] *See Dyer v. United States*, 23 F.3d 1421, 1423 (8th Cir. 1994). Here, Petitioner's habeas claims raise ineffective assistance of counsel. Petitioner does not explain how he was prejudiced by the sheriff's alleged failure to provide results of the inventory search, how the allegedly non-produced results relate to ineffective assistance of counsel, or how those results tend to prove his innocence. To the extent Petitioner alleges a violation of his Fourth Amendment rights by failing to provide a log of the inventory search, Petitioner may file a separate civil action. *See, e.g., Smith v. Heimer*, 35 F. App'x 293, 294 (8th Cir. 2002) (1983 claim).