# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 11-03038-01-CR-S-MDH |
| ADAM HAMMOND, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S 18 U.S.C. § 3582(c)(1)(A) and (c)(2) MOTION**

The United States of America provides the following response in opposition to defendant Adam Hammond's motion under 18 U.S.C. § 3582(c)(1)(A) and (c)(2). (D.E. 57.) Hammond seeks to have his 240-month sentences of imprisonment for enticement of a minor to engage in prohibited sexual activity and sexual exploitation of children reduced to time served based on family circumstance, the Bureau of Prisons' (BOP) failure to apply First Step Act jail time credit and claims of a sentencing disparity.

Hammond's motion should be denied because he has not exhausted the administrative remedies required to bring forth a motion under 18 U.S.C. § 3582(c)(1)(A), he has not demonstrated an extraordinary and compelling reason justifying a reduction, he has not identified an applicable retroactive Sentencing Guidelines' amendment for his claim under § 3582(c)(2), and the factors set forth in 18 U.S.C. § 3553(a) do not justify a reduction in sentence. Consequently, the Government opposes the request and asks the Court to deny Hammond's motion.

### I. Procedural History

On November 3, 2011, Hammond pleaded guilty, without the benefit of a plea agreement, to enticement of a minor to engage in prohibited sexual activity, in violation of 18 U.S.C.

§ 2422(b) (Count One), and sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e) (Count Three). (D.E. 24.) At sentencing, this Court found that his total offense level was 37, with a criminal history category of II, yielding an advisory Sentencing Guidelines range of 235 to 293 months' imprisonment. (Sent. Tr. 14.) This Court sentenced Hammond to concurrent 240-month terms of imprisonment, followed by 15-years of supervised release on Counts One and Three. (D.E. 31-32.)

Hammond subsequently appealed his sentence, claiming that the district court abused its discretion by failing to impose a lower sentence predicated upon Hammond's belief that the minor victim was 13 years old rather than 11 years old, her actual age. On October 30, 2012, the Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Hammond*, 698 F.3d 679 (8th Cir. 2012). Hammond timely filed a *pro se* motion under 28 U.S.C. § 2255 requesting that his guilty pleas and sentences be vacated, which was denied by this Court on May 16, 2014. (D.E. 51, 53.)

On April 19, 2024, Hammond filed the instant motion for sentence reduction based on family circumstances, ineligibility for First Step Act credits, and sentencing disparities.

Based on the information made available on the Bureau of Prisons Inmate Locator, Hammond is currently housed in Marion FCI in Marion, Illinois, with a projected release date of March 21, 2028. *See* https://www.bop.gov/inmateloc/.

**II.     Legal Analysis**

*A. Statutory Background*

Under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment once it has been imposed except that, under subsection § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," if such reduction is consistent

2

with applicable policy statements of the Sentencing Commission, after considering the factors set forth in 18 U.S.C. § 3553(a), and after determining the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). (U.S.S.G. § 1B1.13(a)(2).) The pertinent policy statement, U.S.S.G. § 1B1.13, establishes limited application criteria for a sentencing reduction for extraordinary and compelling reasons and further authorizes such a sentencing reduction if the defendant meets the criteria established by the policy.

Title 18, United States Code, § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

The 30-day administrative exhaustion requirement is a mandatory claim-processing rule, meaning that, while not jurisdictional, a court must dismiss when the issue is raised by the Government. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

Further, 28 U.S.C. § 994(t) provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for

sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

Therefore, the relevant policy statement of the Commission is binding on the Court.[1] *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."), *cert. denied*, 142 S. Ct. 583 (2021).

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* U.S.S.G. § 1B1.13(a) (U.S. Sent'g Comm'n 2023). The Commission identifies six categories of "extraordinary and compelling reasons": (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the

---

[1] The Eighth Circuit, analyzing the pre-2023 version of the guidelines, declined to address whether U.S.S.G. § 1B1.13's commentary defining "extraordinary and compelling reasons" was binding on courts. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). In its 2023 amendments, the sentencing commission moved the "extraordinary and compelling" definitions into the guideline itself. As a result, the government continues to assert those definitions are binding on the court, *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023), with one exception: § 1B1.13(b)(6) is invalid because it is inconsistent with the plain text of § 3582(c)(1)(A) and exceeds the sentencing commission's statutory authority. Because § 1B1.13(b)(6) violates the statutory plain text and exceeds the congressional authority granted to the sentencing commission, it is not binding. *See United States v. LaBonte*, 520 U.S 751, 757 (1997) ("Congress has delegated to the Commission 'significant discretion in formulating guidelines' for sentencing convicted federal offenders. Broad as that discretion may be, however, it must bow to the specific directives of Congress." (citation omitted)).

defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.[2] *See id*. § 1B1.13(b)(1)-(6). In its application notes, the guideline explains that "[a] reduction of a defendant's term of imprisonment under this policy statement is not appropriate when releasing the defendant under 18 U.S.C. § 3622 for a limited time adequately addresses the defendant's circumstances." *Id*. § 1B1.13, app. n.1.

Thus, a district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; (3) and the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022). Even if these conditions are met, a district court may not reduce a sentence under § 3582(c)(1)(A) if a limited-time furlough would adequately address the circumstances. *See* U.S.S.G. § 1B1.13, app. n.1.

In general, a defendant has the burden to show circumstances meeting the test for early release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

### B. Hammond has not demonstrated administrative exhaustion.

The First Step Act, effective December 21, 2018, provides inmates the ability to file a motion for compassionate release, an ability previously only vested in the BOP. The statute, 18 U.S.C. § 3582(c)(1)(A), originally permitted judicial relief only upon a motion by the Director of the BOP. Section 603(b) of the First Step Act now permits courts to act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

---

[2]The government's position is that U.S.S.G. § 1B1.13(b)(6) is inconsistent with the plain text of § 3582(c)(1)(A) and exceeds the sentencing commission's statutory authority. As a result, the Department asserts that subsection is invalid.

5

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Court lacks authority to act on Hammond's motion for compassionate release at this time. The statute requires that a request for compassionate release be presented first to the Bureau of Prisons for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the Bureau's failure to move on the defendant's behalf, may a defendant move for compassionate release in court.

The compassionate release statute provides, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) permits an inmate to move for compassionate release if he exhausted his administrative appeals or the facility's warden did not respond to his compassionate-release request within 30 days. The defendant has failed to provide proof that either he has exhausted his administrative remedies, or that the Warden did not respond to the request he now brings as it relates to his father's illness. This exhaustion requirement is a mandatory claim-processing rule that must be enforced. *See Houck*, 2 F.4th at 1083–84; *United States v. Flute*, No. 3:21-CR-30088-RAL, 2023 WL 3340189, at *2 (D.S.D. May 10, 2023). For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the movant must satisfy the administrative exhaustion

requirement when invoked by the government. *See*, *e.g.*, *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

Hammond asserts in his motion that a BOP request was hand-delivered to "Mrs. Daun" in October but includes no record of receipt nor copy of this request. (D.E. 57 at 5.) Since Hammond has not shown that he has submitted a BOP request pursuant to 18 U.S.C. § 3582(c)(1)(A), he has not exhausted his administrative remedies, and this Court must deny his motion. However, as explained below, even if Hammond had properly exhausted his administrative remedies, he should not be granted early release.

### C. *Hammond does not meet the requirements for relief under "extraordinary and compelling" family circumstances.*

Hammond indicates that he seeks relief under U.S.S.G. § 1B1.13(b)(3)(C), family circumstances, to assist with his father's health care needs. (D.E. 57 at 6-11.) In support of this claim, Hammond provides numerous pages of his father's medical records and examples of how he previously assisted with the care of his grandparents. Hammond's father has several chronic conditions, however, the most recent medical records, which are over a year old, indicate that his conditions seem to be well-managed and do not rise to the level of incapacitation. (D.E. 57, Ex. A at 2–18.) The included neurosurgery records indicate that Hammond's father was still working "planning bricks" and "fe[lt] that his cognitive abilities are stable" at his February 17, 2023, appointment, and that his "cognition appears accurate" and his gait was "quite brisk and stable" at his April 12, 2023, appointment. (*Id*. at 16, 15.) The majority of the records provided by Hammond are for a December 2016 surgery and hospital stay which are not indicative of his father's current healthcare needs.

While Hammond's father's diagnoses are unfortunate, and the Government does not wish to minimize them, his father's health should not be deemed an extraordinary and compelling

7

condition for the purposes of a sentencing reduction. Each case must be reviewed individually and should also be viewed in the larger context of the number of inmates that have older and ailing parents and family members who could very much use their assistance. *See United States v. Coleman*, 2023 WL 4636064 (W.D. Ark. June 28, 2023) (denying compassionate release where defendant sought release to assist his mother); *United States v. Arafat*, 202 WL 3790727 (D. Minn. July 7, 2020) (denying compassionate release where the defendant sought release to assist his spouse); *United States v. Mount*, 2020 WL 3998888 (D. Minn. July 15, 2020) (denying compassionate release where the defendant sought to assist his parents should they fall ill and his spouse); *United States v. Goldberg*, Cr. No. 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (desire to help care for elderly parents is admirable but does not qualify as an extraordinary and compelling reason under the Statement).

The language of U.S.S.G. § 1B1.13(b)(3)(C) is brief, but clear, allowing for relief only in the instance of "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." "For further guidance on what constitutes 'incapacitation,' courts have looked to the BOP guidelines for handling inmate requests for compassionate release based on the incapacitation of a spouse, published as BOP Program Statement § 5050.50." *United States v. Doolittle*, No. CR 19-501 (SRC), 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (citing *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (setting forth the text from BOP Program Statement § 5050.50 and applying its standard for determining that a spouse is incapacitated). The Program Statement sets forth the incapacitation standard as follows:

> The Program Statement defines incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse ... is completely disabled, meaning that the spouse ... cannot carry on any self-care and is totally confined to a bed or chair." When evaluating the incapacitation of a spouse, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding the

8

spouse's incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the spouse, and a statement and documentation regarding the inmate's release plan.

*Id*. (quoting BOP Program Statement § 5050.50).

Hammond's father does not appear to require a live-in caregiver or to be incapable of caring for his own needs. Further, Hammond has also failed to show that he is the "only available caregiver." Within his motion, Hammond asserts that he has "several family members that are willing to help" with any needs he might have should he be granted relief and the medical records indicate that his sister attends his father's appointments. (D.E. 57 at 32, Ex. A at 16.) Hammond also includes a letter from his mother, to which his mother states that Hammond "mentioned to us that he would help take care of his father." (D.E. 57-2 at 3.) Clearly, Hammond is not the only available caregiver for his father.

Hammond's desire to assist with his father's care is admirable, however, he is similarly situated to many other inmates who have family who are affected by incarceration, and this is not an extraordinary and compelling reason to grant early release.

### D. *The Court lacks jurisdiction on issues of jail time credit.*

Hammond claims that he should receive jail time credit through the First Step Act, and this Court should grant a sentencing reduction to account for the jail time credit he is not receiving. (D.E. 57 at 15.) Hammond's claims regarding First Step Act jail time are inapplicable to § 3582, as he challenges the execution of his sentence and the BOP's award of jail time sentencing credit. Hammond may not utilize 18 U.S.C. § 3582 to circumvent the remedies available through the exhaustion of the BOP's administrative process and/or a motion under 28 U.S.C. § 2241. A motion under 18 U.S.C. § 3582 is not the appropriate avenue, and this Court lacks jurisdiction to entertain Hammond's claim of jail time credit.

To challenge BOP sentencing credit, Hammond is first required to exhaust his administrative remedies with the BOP. *United States v. Callahan*, 800 F.3d 422 (8th Cir. 2015); *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once Hammond's administrative remedies have been exhausted, he may challenge the BOP's decision by a writ of habeas corpus under 28 U.S.C. § 2241, in the district in which he is currently confined, rather than the district of conviction. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction, *Matheny*, 307 F.3d at 711, including the computation of the sentence, *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (petitions seeking "immediate release or a speedier release from ... confinement" are "the heart of habeas corpus"). *See also, United States v. Hutchings*, 835 F.2d 185, 186–87 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241). "Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. These are the proper avenues through which [a movant] may resolve any dispute about the length of his time in state custody." United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (internal citations omitted).

Hammond is currently incarcerated at the Marion Federal Correctional Institution in

Marion, Illinois, and his appropriate remedy, after exhausting his BOP administrative remedies, is to file a § 2241 motion in the United States District Court for the Southern District of Illinois, to challenge his computation of jail time credit.

### E. *Hammond did not receive a disparate sentence.*

Hammond asserts that if he were to be sentenced today, rather than in 2012, that he would receive shorter sentences. (D.E. 57 at 3.) However, there has not been a change to the Sentencing Guidelines relating to Hammond's offenses that would reduce his Guidelines' range. Hammond claims to also bring this motion pursuant to 18 U.S.C. § 3582(c)(2), but he fails to identify a retroactively applicable Sentencing Guidelines' amendment that lowers his Guidelines' range.

The offense level for Count One, enticement of a minor to engage in prohibited sexual activity, in violation of 18 U.S.C. § 2422(b), was determined by U.S.S.G. § 2G1.3. The offense level for Count Three, enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e), was determined by U.S.S.G. § 2G2.1. (PSR ¶¶ 21, 30.) *Compare* U.S.S.G. §§ 2G2.1 and 2G1.3 (2011), *with* U.S.S.G. §§ 2G2.1 and 2G1.3 (2023). The PSR calculated Hammond's total offense level as 44, however, at sentencing, this Court found that total offense level was 37, with a criminal history category of II, yielding an advisory Sentencing Guidelines' range of 235 to 293 months' imprisonment. (Sent. Tr. at 14.) In 2011, Count One had a statutory mandatory minimum of 10 years and Count Three had a statutory mandatory minimum of 15 years, both statutory provisions remain unchanged. (PSR ¶ 68; *Compare* 18 U.S.C. §§ 2422(b), 2251(a) and (e) (2011), *with* 18 U.S.C. §§ 2422(b), 2251(a) and (e) (2024).

At sentencing, the Court determined that the guideline range was "reasonable" and that the statutory factors and seriousness of the offense, need for public protection, and deterrence made Hammond's 240-month sentence appropriate. (Sent. Tr. at 29.)

While Hammond asserts that his case consisted of "a total of one text message requesting a sexual act, and one 18 second video of an elicit act of masturbation" that assertion grossly minimizes his conduct, as discussed below.

### F. The § 3553 factors do not support Hammond's request for early release.

Even if Hammond were to demonstrate an "extraordinary and compelling reason," this Court should deny his motion based on the § 3553(a) factors. *See Marcussen*, 15 F.4th at 859. The Court has broad discretion in weighing the § 3553(a) factors, although it is not required to address every factor. *See id.*; *United States v. Milton*, 11 F.4th 597, 601 (8th Cir. 2021).

The § 3553(a) factors—including the nature and circumstances of the offense, the need to protect the public, and provide deterrence—support this Court denying Hammond's motion. Specifically, in the underlying case, Hammond, who was 21 at the time, communicated with the victim, an 11-year-old child, who was posing as a 14-year-old, via the website myYearbook.com, then via text message, and phone calls for nearly two months, prior to attempting to kidnap his victim in order to engage in sexually explicit conduct. (PSR ¶¶ 12, 14.)

Hammond's cell phone contained a video of the victim digitally penetrating her vagina in November of 2010, when she was just 11 years old. (PSR ¶ 13.) The victim reported that while she was initially posing as 14, she had advised Hammond that she was only 13. She also reported that Hammond had asked her to send him pictures of herself nude and that he wanted to have sex with her and that he wanted her to perform oral sex on him. (PSR ¶ 14.)

On December 29, 2010, Hammond arranged to pick up the then 12-year-old victim at her home, and they engaged in a series of texts over the course of an hour, including Hammond requesting oral sex from the victim. (PSR ¶ 13.) Hammond fled from the victim's residence at high speed and the victim requested Hammond stop and let her out. Hammond told her that he wasn't going to jail for her or anyone else. (PSR ¶ 11.) The victim's mother saw Hammond pick up the victim and pursued them in her car until Hammond ran off the road and crashed. (PSR ¶ 10.)

While Hammond has minimal criminal history or BOP infractions, this was not an isolated incident but a recurring pattern of behavior. Hammond knowingly engaged in elicit conduct with a minor child for nearly two months prior to attempting to kidnap her in order to engage in sexual acts with a minor. Hammond acknowledges in his motion that despite his extensive educational and vocational achievements in BOP, he has not yet begun treatment in the Sex Offender Treatment Program (D.E. 57 at 30.)

Considering the nature and circumstances of the offense and the fact that he received a low-end of Guidelines sentence, Hammond has failed to identify an extraordinary and compelling reason for a sentencing reduction; that the 18 U.S.C. § 3553(a) factors the Court considered at the time of sentencing have changed; or that he is no longer a danger to the community, and this Court should deny Hammond's motion for release.

## Conclusion

For these reasons, the United States respectfully requests that Hammond's § 3582(c)(1)(A) and (c)(2) motion (D.E. 57.) be denied.

        Respectfully submitted,

        Teresa A. Moore
        United States Attorney

        */s/ James J. Kelleher*
        JAMES J. KELLEHER
        Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511
        Telephone: (417) 831-4406

        *Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 3, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and defendant at:

    Adam Hammond, *Pro Se*
    Reg. No. 23138-045
    FCI Marion
    Federal Correctional Institution
    P.O. Box 1000
    Marion, IL  62959

        */s/ James J. Kelleher*
        James J. Kelleher
        Assistant United States Attorney