IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cr-03038-01-MDH |
| ) | |
| ADAM HAMMOND, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) or compassionate release. (Doc. 57). Defendant moves for a reduction in his sentence because he has a "new family medical concern" dealing with the health of his father; that Defendant should receive credit under the First Step Act; that the "harsher and lengthier" sentence he received are not "needed to complete the intent of Congress."

The government has filed a response stating Defendant is not entitled to relief and his motion should be denied. (Doc. 58). The government argues Defendant has not exhausted the administrative remedies required to bring forth a motion under 18 U.S.C. § 3582(c)(1)(A); has not demonstrated an extraordinary and compelling reason justifying a reduction; has not identified an applicable retroactive Sentencing Guidelines' amendment for his claim under § 3582(c)(2); and that the factors set forth in 18 U.S.C. § 3553(a) do not justify a reduction in sentence.

On November 3, 2011, Defendant pleaded guilty, without the benefit of a plea agreement, to enticement of a minor to engage in prohibited sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One), and sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and

1

(e) (Count Three). At sentencing, this Court found that his total offense level was 37, with a criminal history category of II, yielding an advisory Sentencing Guidelines range of 235 to 293 months' imprisonment. This Court sentenced Defendant to concurrent 240-month terms of imprisonment, followed by 15-years of supervised release on Counts One and Three.

Defendant subsequently appealed his sentence, claiming that the court abused its discretion by failing to impose a lower sentence predicated upon Defendant's belief that the minor victim was 13 years old rather than 11 years old, her actual age. On October 30, 2012, the Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Hammond*, 698 F.3d 679 (8th Cir. 2012). Defendant timely filed a pro se motion under 28 U.S.C. § 2255 requesting that his guilty pleas and sentences be vacated, which was denied by this Court on May 16, 2014.

On April 19, 2024, Defendant filed the instant motion for sentence reduction based on family circumstances, ineligibility for First Step Act credits, and sentencing disparities. Based on the information made available on the Bureau of Prisons Inmate Locator, Defendant is currently housed in Marion FCI in Marion, Illinois, with a projected release date of March 21, 2028.

As set forth in the government's response, Defendant has not exhausted his administrative remedies. However, even if he had, Defendant has not established extraordinary or compelling reasons for a sentence reduction under the statute. Further, there has been no change in the law and there is no disparity between the sentence his is serving and the sentence that would be imposed today. Finally, as stated by the government, Defendant cannot satisfy the § 3553(a) factors, including a finding that Defendant is not a danger to the safety of another person or to the community.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: May 21, 2024 　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**